*Elliott & Atchinson, for appellant. R. F. Nock, for appellee.*

---

JAMES FARMER, ET AL., *v.* MARY A. SANDERS, ET AL.

Jurisdiction—Judgment.

Where a portion of the land in controversy is located in one county, the court in that county has jurisdiction to hear the cause.

Rescission of Contract—Notice.

When defendants are in possession of land as purchasers under an oral contract which they could not enforce, they were not entitled to notice to quit. They can be dispossessed only upon a rescission of the contract of sale.

APPEAL FROM TAYLOR CIRCUIT COURT.

October 15, 1877.

OPINION BY JUDGE LINDSAY:

The first ground of reversal urged by appellants is that the Taylor Circuit Court did not have jurisdiction to afford the relief provided

for by the judgment. A portion of the tract of land is situated in that county, and therefore that court had jurisdiction over the entire tract. Sec. 93, Civil Code of Practice.

The defendants were in possession of the land as purchasers under an oral contract which they could not enforce. They were not entitled to notice to quit. They could be dispossessed only upon a rescission of the contract or sale, and upon equitable terms. The judgment exonerated them from all liability for use, occupation and waste, and required the appellees to repay to them the full sum their ancestor paid on the agreed purchase price. This was the equity of the case, and it meets and disposes of the second and third grounds relied on for a reversal.

Judgment *affirmed.*

*W. B. Harrison, for appellants.    C. S. Hill, for appellees.*